No. 3359

Second Circuit

———

ANDERS-HIGHTOWER, INC., v. HUIE & SON ET AL.

———

(March 24, 1930. Opinion and Decree.)
(April 10, 1930. Rehearing Refused.)

———

W. U. Richardson, of Arcadia, attorney for plaintiff, appellant.

Paul E. Browne, Jr., and I. J. McConathy, of Arcadia, attorneys for defendants, appellees.

DREW, J. Plaintiff instituted this suit against Huie & Son for the sum of $539.55, alleged to be due for goods, wares, and merchandise sold to said defendant. It alleges that Huie & Son is a commercial partnership, composed of N. D. Huie, Sr., and N. D. Huie, Jr., and prays for judgment against the partnership and each of the members in solido.

Huie & Son appeared and excepted to the petition for the alleged reason that it was not drawn in accordance with the Pleading and Practice Act of the State of Louisiana. This exception was overruled, and an answer was filed by Huie & Son, owned by N. D. Huie, Jr., pleading a general denial to each article of the petition.

The lower court rendered judgment in favor of the plaintiff and against the defendant, Huie & Son, for the sum prayed for.

From this judgment plaintiff has appealed, and asks this court to amend the judgment of the lower court by rendering judgment against N. D. Huie, Sr., and N. D. Huie, Jr., in solido.

The minute entries show that on April 23, 1928, a statement of evidence was submitted to the court. However, no such statement is in the record, and, in fact, there is no evidence at all in the record.

There is no certificate in the record, signed by the clerk, to show that the record is complete.

Where the record is so imperfect as to preclude an examination into the case on its merits, no motion to dismiss the appeal is filed, and there is no certificate, signed by the clerk, as to the completeness of the record, when the fault cannot be attributed to the appellant, the case will be remanded to be tried according to law. City of New

Orleans vs. Lacroix, 18 La. Ann. 146; McMillan vs. Gibson, 9 La. 119.

It is therefore ordered, adjudged, and decreed, that the judgment of the lower court be reversed, and the case is remanded to be tried according to law.